Willie L. CHRISTIAN, on behalf of himself and all others similarly situated, Plaintiffs,

v.

Harvey TACKETT, Sheriff of Washington County, Mississippi, and the Washington County Sheriff's Department, Defendant.

No. GC 77–93–S–O.

United States District Court,
N. D. Mississippi,
Greenville Division.

Nov. 5, 1979.

Willie L. Bailey, McTeer, Walls, Bailey & Buck, Greenville, Miss., for plaintiffs.

Fred C. DeLong, Jr., Campbell & De-Long, George Slade, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This matter is before the court upon the plaintiffs' motion to review taxation of costs. The action was tried before the court on Thursday, September 27, and Friday, September 28, 1979. After the presentation of evidence and arguments by counsel for both sides, the court rendered a bench opinion, finding that the defendant was not liable to the plaintiff, and ordering that a final judgment be entered, with costs to be taxed against the plaintiff. Judgment was entered against the plaintiff on September 28, 1979, and the defendant's bill of costs was filed on October 5, 1979. A copy of that bill is attached as an appendix to this memorandum. The bill indicates that costs in the amount of $952.31 were taxed on October 9, 1979. Plaintiff then submitted this motion to review the taxation of costs, which the court will treat as a timely motion to review, pursuant to Rule 54(d), Fed.R.Civ.P.

The plaintiffs request this court to strike the following items which were allowed as costs:

(1) Marshal's Fees ($32.16). Plaintiff claims that there is no indication that these costs were incurred "for the necessary benefit of defendant or for the presentation of witnesses";

(2) Witness Fees ($373.00). The defendant subpoenaed 12 witnesses for the trial of this cause, but only two of those 12 were called to testify. Plaintiff does not object to the fees for those witnesses actually used at the trial, but does object to "any expense for any purported witness other than those persons actually appearing at trial";

(3) Costs Incident to Taking Depositions ($352.00). Plaintiff objects to this amount on the grounds that there is no indication that the deposition testimony was used at trial;

(4) Costs Incident to Answering Extensive Discovery ($123.90). Plaintiff alleges that this amount includes the cost of xeroxing certain job applications which the defendant did not allow the plaintiff to prepare at his own expense;

(5) Costs Incident to Preparing Pretrial Order and Exhibits ($34.25). Plaintiff maintains that the taxation of this cost is improper because it is "required by the trial court and not through the actions of the Plaintiff".

The court is of the opinion that all of the items listed in the defendant's bill of costs are properly taxed to the plaintiff under 28 U.S.C. § 1920. Since this matter is completely within the discretion of the court, however, this court has the equitable power to review particular items, in order to determine whether or not the amount taxed is in any way excessive. In the exercise of its sound discretion, the court may

view particular items to determine that they are necessary litigation expenses, and that they are reasonable in amount. *See Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *Morrison v. Alleluia Cushion Co.*, 73 F.R.D. 70 (N.D.Miss.1976). As previously stated, the court views all of the disputed items as properly taxable; however, in regard to two of the items, the court finds the amount taxed to be excessive.

■ Plaintiff's objections to the fees for witnesses are not well taken. Although only two of the twelve witnesses actually testified, the defendant contends, and the court finds, that each of the witnesses was subpoenaed in good faith. The defendant cannot be expected to know which of the witnesses he will call until after he has had an opportunity to hear the plaintiff present his case. It is the extent to which the plaintiff develops his proof that is likely to control the manner in which the defendant will present his own case. This court has previously held that a defendant is entitled to recover fees for witnesses who are subpoenaed, but are never called to testify. *Morris v. Carnathan*, 63 F.R.D. 374, 377 (N.D.Miss.1974). As the court stated in that case, the witness privilege may certainly be abused, but the court does not find any such abuse to be present in this action.

■ The plaintiff objects to the costs incident to the taking of depositions, on the grounds that the deposition testimony was not used at trial. The proper question to be decided by the district court, however, is not whether the deposition was actually used, but whether "all or any part of a copy of any or all of the depositions was 'necessarily obtained for use in the case'." *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963). If the court finds that there was a reasonable need for counsel to have the deposition, then it may in its discretion allow the prevailing party to recover its costs incident to that deposition. In the action sub judice, the only depositions taken were those of the plaintiff, Willie Christian, and of the defendant, Harvey Tackett. The

court finds that under the circumstances of this particular case, it was reasonably necessary for counsel to obtain these depositions. In doing so, however, counsel for the defendant obtained two copies of the plaintiff's deposition, for which they were charged $200.00. The general rule with respect to deposition costs is that the cost of an extra copy is not properly taxable. *See e. g., Semke v. Enid Automobile Dealers Ass'n*, 52 F.R.D. 518 (W.D.Okl.1971). This court has previously held that more than one copy of a deposition may not be included in the bill of costs, and the court will continue to follow that rule in this action. *See Morris v. Carnathan, supra*. It was not necessary for defense counsel to obtain two copies of the plaintiff's deposition, when the use of one would have been sufficient. Accordingly, the amount included in the bill for costs incident to the taking of depositions should be reduced by $100.00.

■ Plaintiff also objects to certain of the costs incident to answering extensive discovery, on the grounds that the defendant did not allow the plaintiff to prepare the copies at his own expense. Counsel for the defendant denies this allegation, and states that it was agreed by counsel for both sides that the copies in question would be made at the office of the Washington County Chancery Clerk. However, defendant does suggest that, under the circumstances of this dispute, the amount should be reduced to reflect the cost of xeroxing at the rate routinely billed by counsel for the plaintiff. The court believes that this suggestion is a fair and equitable solution, and in the exercise of its equitable powers, the court will reduce the costs incident to answering discovery from $123.90 to $94.65.

These adjustments to the two items of costs discussed above, will reduce the bill of costs to $823.06. Except for the two corrections noted in this opinion, the bill of costs will remain as it was originally taxed to the plaintiff. An appropriate order will be entered.

## APPENDIX

# United States District Court
## for the
### NORTHERN DISTRICT OF MISSISSIPPI
#### GREENVILLE DIVISION

WILLIE L. CHRISTIAN, ET AL

              *vs.*

HARVEY TACKETT

CIVIL ACTION FILE No.

GC 77-93-S-O

Judgment having been entered in the above entitled action on the   28th     day of September   , 19 79 , against Willie L. Christian, the Plaintiff, the clerk is requested to tax the following as costs:

### BILL OF COSTS

| | |
|---|---|
| Fees of the clerk | $.......................... |
| Fees of the marshal | ...... ....32.16.......... |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | |
| Fees and disbursements for printing | |
| Fees for witnesses (itemized on reverse side) | ..........373..00.......... |
| Fees for exemplification and copies of papers necessarily obtained for use in case | |
| Docket fees under 28 U. S. C. 1923 | ..........20..00.......... |
| Costs incident to taking of depositions | ....352..00.......... |
| Cost as shown on Mandate of Court of Appeals | |
| Other Costs (Please itemize) | |
| Costs incident to answering extensive discovery (xeroxing) | 123.90 |
| Costs incident to preparing Pre-Trial Order and Exhibits (Xeroxing) | 34.25 |
| Cost of preparation by Washington County, Miss. Chancery Court Reporter of a portion of Chancery Court record, and certifying same | 17.00 |
| **Total** | $.......952.31.......... |

**FILED**

**OCT 5 1979**

ORMAN L. GILLESPIE, CLEF

State of Mississippi           } ss:
County of Washington

I, Fred C. DeLong, Jr., attorney for Harvey Tackett,   do hereby swear that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy hereof was this day mailed to  Hon. Willie Bailey, Plaintiff's attorney       with postage fully prepaid thereon.

Please take notice that I will appear before the Clerk who will tax said costs on October 9     , 19 79 at   10:00 a.m.

Attorney for ...Defendant,.Harvey..Tackett............

Subscribed and sworn to before me this     day of   October     A. D. 19 79
at· Greenville, Mississippi

My Comm. Expires: /0 - /4 - 79     Notary Public.

# APPENDIX—Continued

Costs are hereby taxed in the amount of $ 952.31 this 9th day of October , 19 79, and that amount included in the judgment.

.......NORMAN L. GILLESPIE.......
Clerk.

By ........................................
Deputy Clerk. Joyce T. Almond

NOTE: SEE REVERSE SIDE FOR AUTHORITIES ON TAXING COSTS.

Witness Fees (computation, cf. 28 U. S. C. 1821 for statutory fees)

| Name and Residence | Attendance | | Subsistence | | Mileage | | Total Cost Each Witness |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Melvin Woods (Washington Co., Miss.) | 1 | $30 | – | – | 12 | $2 | $32 |
| Jeanette Christian (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| David Sessums (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| Mrs. C. R. Wigley (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| Edward Spencer (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| Robert Skinner (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| W. C. Burnley (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| M. R. Williams (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| Ralph Moffett (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| Kathy Holub (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| Rodger O. Williams (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| Ronald Nance (Greenville, MS.) | 1 | 30 | – | – | 6 | 1 | 31 |
| | | | | | | TOTAL | $373 |

## NOTICE

Section 1924, Title 28, U. S. Code (effective September 1, 1948) provides:

"Sec. 1924. Verification of bill of costs."

"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

See also Section 1920 of Title 28 which reads in part as follows:

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

The Federal Rules of Civil Procedure contain the following provisions:

Rule 54 (d)

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but cost against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6 (e)

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)

"The entry of the judgment shall not be delayed for the taxing of costs."