STUDIENGESELLSCHAFT KOHLE mbH, as trustee for the Max-Planck-Institut für Kohlenforschung, Plaintiff-Appellant,

v.

EASTMAN KODAK COMPANY, Defendant-Appellee.

No. 82–2254.

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1983.

As Amended on Denial of Rehearing Oct. 14, 1983.

**130**

Arnold Sprung, Nathaniel D. Kramer, New York City, for plaintiff-appellant.

Francis T. Carr, Kenneth E. Madsen, William J. Speranza, New York City, O.J. Weber, Beaumont, Tex., for defendant-appellee.

Before CLARK, Chief Judge, GOLD-BERG and REAVLEY, Circuit Judges.

CLARK, Chief Judge:

Studiengesellschaft Kohle mbH (SGK) is a West German company which acts as the agent for the Max-Planck-Institut fur Kohlenforschung, a nonprofit research and educational institute formerly headed by the Nobel Prize-winning inventor, Dr. Karl Ziegler. This litigation arose in 1974 when SGK sued Eastman Kodak Company for infringement of Ziegler patents covering certain chemical catalysts useful in the polymerization of hydrocarbons. SGK accused Kodak of violating U.S. Letters Patent No. 3,113,115 ('115); No. 3,257,332 ('332); No. 3,231,515 ('515); No. 3,392,162 ('162); and No. 3,826,792 ('792). Kodak denied the infringement and filed a counterclaim alleging that the patents were illegal because of prior art. Before trial, the claims relating to the '115 patent were dismissed with prejudice.

The trial court found that Kodak had not infringed the remaining patents. The court held that certain claims of the '792 patent were invalid and, in the alternative, SGK's claims were barred by laches. *Studiengesellschaft Kohle v. Eastman Kodak,* 450 F.Supp. 1211 (E.D.Tex.1977).

This court reversed the district court's holdings that SGK's suit was barred by laches and estoppel and its determination that certain claims of the '792 patent were invalid, but it affirmed the district court's holding that Eastman Kodak had not infringed either the '332 or the '792 patents. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 616 F.2d 1315 (5th Cir.), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980).[1] Its mandate directed that each party was to bear its own costs on appeal.

On March 2, 1981, the district court entered a final judgment in this case pursuant to the mandate in which it held: (1) the suit was not barred by laches or estoppel; (2) Kodak had not infringed the '332, the '792, the '515, and the '162 patents (the latter two patents were not part of the appeal);

---

1. For a more complete account of the facts and chemistry of this complicated, protracted litiga-    tion, see 616 F.2d at 1319–22.

(3) the '515 and the '162 patents were invalid; (4) SGK's action for an injunction and damages was dismissed; (5) Kodak's counterclaim for a declaratory judgment that the '792 and '332 patents were invalid was denied; and (6) Kodak was entitled to an award of its costs as the prevailing party. Kodak then filed its bill of costs to which SGK filed its objections. Kodak filed a motion on June 15, 1981, to tax costs with a new bill of costs attached. The parties briefed and argued the question of costs. On May 20, 1982, the district court ordered SGK to pay Kodak's costs of $90,432.48, the amount claimed in Kodak's bill of costs. On June 18, 1982, SGK filed a timely notice of appeal from the May 20 order. On June 23, 1982, Kodak filed a motion requesting an amendment of the May 20 order to provide for post-judgment interest on costs at the rate of 9% in the amount of $37,951.89. The motion also requested that the 9% interest accrue until the costs are paid. The district court granted the motion *ex parte* on the same day that Kodak filed it and awarded $37,951.89 in interest until May 20, 1982, and 9% thereafter. SGK also appeals from the award of interest.

### Costs

■ The district court's final judgment, entered March 2, 1981, declared Kodak the prevailing party, entitling it to an award of costs. This judgment was incorporated into the court's order of May 20, 1982, awarding $90,432.48 in costs. SGK first argues that the award of costs was improper because Kodak was not the prevailing party. Kodak argues that we should not consider this issue because SGK has already raised it once in its original appeal of the 1977 judgment and again on remand, failing both times to get the 1977 judgment changed in that respect. Hence, Kodak argues, SGK should be precluded from raising this issue again on this appeal. Additionally, Kodak argues that SGK failed to file a notice of appeal after the district court's 1981 "final judgment" which held that Kodak was a prevailing party entitled to costs. Neither of Kodak's arguments has merit. First, issue preclusion is applicable only in subsequent actions, not within the same action. *See G. & C. Merriam Co. v. Saalfield,* 241 U.S. 22, 29, 36 S.Ct. 477, 480, 60 L.Ed. 868 (1916). Second, the 1981 "final judgment" that Kodak was the prevailing party is not a final judgment for the purpose of appeal under 28 U.S.C. § 1291. *Cf. Williams v. Ezell,* 531 F.2d 1261, 1263 (5th Cir. 1976).

Rule 54(d) of the Federal Rules of Civil Procedure provide that costs shall be allowed as of course to the prevailing party. But SGK argues that since neither party prevailed on a substantial portion of its principal claims, neither party was a prevailing party.

■ Our standard of review in an award of costs case is abuse of discretion, *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.,* 441 F.2d 631 (5th Cir.), *cert. denied,* 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971). Here there was no abuse. A party need not prevail on all issues to justify an award of costs. *United States v. Mitchell,* 580 F.2d 789, 793 (5th Cir.1978); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2667 at 180–81. The case must be viewed as a whole to determine who is the prevailing party. Based on such a view, there was no abuse of the district judge's discretion in his determination that Kodak was the prevailing party. Kodak successfully repelled SGK's attempt to obtain money damages for alleged infringement of four patents and an injunction against (or royalty payments for) alleged future infringement. All four patents were held to be noninfringed and two of the patents were found to be invalid. That was a more than sufficient basis on which the district court could find Kodak to be the prevailing party.

■ On appeal from the initial district court decision, this court ordered both parties to bear their own appellate costs. SGK contends that this should somehow affect the assessment of costs related to trial. Rule 39(a) of the Federal Rules of Appellate Procedure dictates that the disposition of the appeal is the deciding factor in the assessment of appellate costs. It has no relevance to the trial costs.

SGK contends, however, that the Supreme Court's recent decision in *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), dictates a different result. *Hensley* required that courts consider the relationship between the extent of success and the amount of an attorney's fee award under 42 U.S.C. § 1988. 103 S.Ct. at 1943. The Court held:

> The court's finding that "the [significant] extent of relief clearly justifies the award of a reasonable attorney's fee" does not answer the question of what is "reasonable" in light of that level of success. We emphasize that the inquiry does not end with a finding that the plaintiff obtained significant relief. A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation.

*Id.* 103 S.Ct. at 1942–43 (footnote omitted).

*Hensley* has applicability in a "costs setting" because an award of attorneys' fees under section 1988 requires that the court determine if the fees applicant is a prevailing party—the same determination that must be made for an award of costs under Rule 54(d). Additionally, the Court noted in *Hensley* that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.* 103 S.Ct. at 1939 n. 7.

However, *Hensley* fails to alter our result. Kodak prevailed in this courtroom battle. SGK brought Kodak into court and charged that it was infringing upon five of SGK's patents. After some nine years of litigation, not only may Kodak continue to use its polymer process free from charges of patent infringement, it has also won declarations that two of SGK's patents are invalid. *Hensley* does not require that the litigant win all claims to be a prevailing party. It only requires that the extent of a litigant's success be viewed in light of the entire litigation. Kodak's success was sufficient to justify the district court's finding that it was a prevailing party under *Hensley.* That case does not require the apportionment of costs in relation to the extent of the litigant's success on all claims made by any numerical formula.

SGK argues next that the district court erred in awarding Kodak $90,432.48 in costs. SGK contends that Kodak has no right to collect all of its out-of-pocket expenses related to the litigation.

The award of costs is largely controlled by statute. Under 28 U.S.C. § 1920, a judge may tax as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Supreme Court has said that the discretion of district judges to tax costs should be sparingly exercised regarding expenses not specifically allowed by statute. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). A district judge's award of costs will be reversed, however, only for an abuse of discretion. *United States v. Kolesar,* 313 F.2d 835, 840 (5th Cir.1963).

In particular, SGK contests taxing against it the cost of: (1) Kodak's charts, models, and photographs; (2) translation of various documents; (3) daily copy of the trial transcript; (4) certified copies of documents; (5) travel expenses and fees of a court reporter and interpreter for European depositions; (6) pretrial transcripts; (7) various depositions; and (8) the special master.

■ *Charts, models and photographs.* The court assessed $1,067.97 against SGK for charts, models and photographs. In

*Johns-Manville Corp. v. Cement Asbestos Products Co.,* 428 F.2d 1381, 1385 (5th Cir. 1970), this court held that since there is no statutory provision for the award of costs for charts, models and photographs, they may be taxed as costs only if there is a pretrial authorization by the trial court. The record does not show any prior approval; therefore, the district court should have disallowed this cost. This award is reversed.

■ *Translation costs.* Kodak incurred $38,446.55 in costs in connection with translation of foreign documents. Many documents were in German and not all of them were used at trial. SGK argues there is no statutory basis for an award of the cost of translating documents and there is no prior approval of the court. Additionally, it argues that the costs are not broken down so that the court may determine if they are connected with any specific exhibits in the case.

This presents a novel question in this circuit. The First Circuit recently found translation expenses to be a taxable cost under Rule 54(d) and section 1920. *In re Puerto Rico Electric Power Authority,* 687 F.2d 501 (1st Cir.1982). The court's opinion, however, offers no basis for its decision on taxing the cost under Rule 54(d). Nevertheless, we find the First Circuit's result appropriate. Rule 54(d) allows the awarding of costs "as of course to the prevailing party ...." Section 1920(4) allows the awarding of costs for exemplification of papers "necessarily" obtained for use in trial. The proper standard for the award of translation costs should also be whether they were necessarily incurred. We vacate and remand this issue for such a determination by the district court. However, the district court should not grant translation costs in a case such as this carte blanche. On remand the district court should examine the possibility that only parts of the translation costs should be assessed. SGK should not have to bear the cost of translating every German document irrespective of its value to the litigation. The court may, for example, choose to assess the cost of translating only titles and subtitles of all discovered documents plus the cost of translations of those documents which, based upon their titles, appear to be relevant to the litigation.

*Daily transcripts, certified copies, travel expenses, and pretrial transcripts.* SGK also objects to the court's award of $7,195 for the cost of the expedited trial transcript, $3,378.83 for certified copies, $2,670 for travel expenses, and $1,138.35 for pretrial transcripts.

■ To award the cost of daily transcripts, the court must find that they were not "obtained primarily for the convenience" of the parties but were "necessarily obtained for use in this case." *Brumely Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1362, 1363 (5th Cir.1983); *In re Nissan Antitrust Litigation,* 577 F.2d 910, 918 (5th Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). A finding of necessity is a factual finding. *United States v. Kolesar,* 313 F.2d 835, 839 (5th Cir.1963). The trial judge made no such finding here and this element of costs must be remanded for such a determination.

Kodak's claim for the certification of documents from the Patent and Trademark Office is made pursuant to 28 U.S.C. § 1920(4) which covers "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." By its language, the statute calls for a finding similar to that required for daily transcripts. This item of cost must also be vacated and remanded for such a factual finding.

Likewise, the amount claimed for travel expenses, fees of the court reporter and interpreter and the claim for pretrial transcripts fall into the same category. They are taxable as costs only if "necessarily obtained for use in the case." *Kolesar,* 313 F.2d at 838–39.

■ *Depositions.* SGK also contests an award of $18,936.84 for depositions. Under this court's precedents, the cost of original depositions is taxable without any factual finding. *Id.* at 837. Kodak's bill of costs, however, does not separate the cost of the

original deposition from the cost of copies, and the cost of copies is taxable only if the copies were necessarily obtained for use in the case. *Carpa, Inc. v. Ward Foods, Inc.,* 567 F.2d 1316, 1323 (5th Cir.1978), *rev'd on other grounds, Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir. 1983) (en banc). On remand, this breakdown must be supplied by Kodak and the trial court must make a finding on the necessity of the copies. The cost of the originals is to be taxed against SGK without a finding of necessity.

■ *Special Master.* SGK's final objection is to the court's order forcing it to pay Kodak's share of the cost of the special master. *Carpa* clearly decides this issue. The taxing of the cost of a special master against a nonprevailing party is clearly within a district court's discretion and no factual showing of necessity is required. *Carpa,* 567 F.2d at 1324. This award is affirmed.

### Interest on Costs

■ SGK also appeals from the district court's post-judgment award of interest on costs. SGK argues that the district court lacked jurisdiction to make the award because it occurred after notice of appeal, and that the law of the Fifth Circuit precludes the award of interest on costs.

After SGK filed its notice of appeal in this case, the district court, responding to a motion by Kodak, amended its award of costs to add $37,951.89 in interest. Kodak cited rule 10(e), Fed.R.App.P., as the basis for the amendment. That rule allows the correction or modification of a record after it is submitted to the appellate court.

Rule 10(e) is not applicable to this situation. The notice of appeal deprived the district court of jurisdiction to amend its order. *Gryar v. Odeco Drilling, Inc.,* 674 F.2d 373, 375 (5th Cir.1982). Accordingly, the award must be vacated. Upon remand, Kodak may reurge its motion for interest based upon the new calculation of costs consistent with the instructions in this opinion. *See Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir.1983) (en banc). We need not consider SGK's contention that under Rule 6(d), Fed.R.Civ.P., the court erred in ruling on Kodak's interest motion without giving SGK an opportunity to respond.

### Conclusion

In the interests of clarity, we restate our conclusions: Kodak was the prevailing party in this litigation; the cost of Kodak's charts, models and photographs is not taxable to SGK; the award of the cost of translation, daily transcripts, certified copies, travel expenses and pretrial transcripts is vacated and the cause is remanded to the district court for determination of whether each of these costs were necessarily incurred; the award of the cost of original depositions is affirmed, but on remand the court must determine what part of the cost is for originals and what part is for copies; the court must also determine if the cost of the copies was necessarily incurred; the taxation of the cost of the special master is affirmed; and the court did not have jurisdiction to consider Kodak's motion for assessment of interest.

After oral argument the court urged the parties to attempt to compare their differences over costs. They were unable to do so. Perhaps with the guidance furnished by this decision that effort will be renewed and successful. This court would count its work in this case a success if that could be done.

The district court's decision is

AFFIRMED in part, REVERSED in part, and, in part, VACATED and RE-MANDED.