**HOME BUILDERS ASSOCIATION OF MISSISSIPPI, et al., Plaintiffs,**

**v.**

**CITY OF MADISON, MISSISSIPPI, et al., Defendants.**

**No. CIV. A. 3:95–CV–803WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 9, 1999.

Joel W. Howell, III, Joel W. Howell, III, Attorney, Steven H. Smith, Steven H. Smith, PLLC, Jackson, MS, for Home Builders Association of Mississippi, Inc., Mark S. Jordan, Good Earth Development, Inc., Mark S. Jordan, Inc., Highland Ridge Partners, LP, SMCDC, Inc., Post Oak Place, Locust Lane Partners, L.P., William J. Shanks, WJS & Associates, Inc., South Madison County Development Company, Thomas M. Harkins, Sr., Thomas M. Harkins, Jr., North Place Development, Inc., North Ridge Development, Inc., First Mark Homes, Inc., Thomas M. Harkins, Builder, Inc., THV, Inc., J.F.P. & Co., Inc., J. Parker Sartain, Brian H. Sartain, Habitat, Inc., J.P.S. Building Supplies, Inc., Sartain Associates, Inc., Douglas Place Partnerships, plaintiffs.

Terry R. Levy, Paul V. Ott, Daniel, Coker, Horton & Bell, Jackson, MS, for City of Madison, Mary Hawkins, Timothy L. Johnson, Lisa Clingan–Smith, Defendants.

Charles Greg Copeland, Copeland, Cook, Taylor & Bush, Ridgeland, MS, Paul V. Ott, Daniel, Coker, Horton & Bell, Jackson, MS, William Matthew Vines, Page, Kruger, & Holland, P.A., Ridgeland, MS, for Tommy E. Butler, Charles L. Dunn, Griffin C. Weaver, defendants.

### ORDER ON THE MATTER OF COSTS

WINGATE, District Judge.

Before the court are two Bills of Costs re-submitted by the defendants in the above-styled and numbered cause pursuant to an Order of this court directing them to do so. The Honorable Mary Hawkins, Mayor of the City of Madison, and two City Aldermen, Timothy Johnson and Linda Clingan–Smith, re-submit a cost bill separate from the cost bill of City Aldermen Tommy Butler, Charles Dunn and Griffin Weaver. Mayor Hawkins and Aldermen Johnson and Clingan–Smith (hereinafter the "City of Madison")[1] seek $1,398.75 for court reporter fees and $7,685.96 for the cost of printing and exemplification. The total cost bill for the City of Madison is $9,084.71. The defendants Tommy Butler, Charles Dunn and Griffin Weaver, three additional members of the Board of Aldermen for the City of Madison during the time in question who were represented by separate counsel (hereinafter the "Aldermen"), also seek $1,398.75 for court reporter fees and $2,966.81 for photocopies. The cost bill for these three Aldermen totals $4,365.56. The plaintiffs oppose both cost bills.

### THIS COURT'S PREVIOUS ORDER

On an earlier date, this court reviewed the original cost bills submitted by the City of Madison and the Aldermen. The court noted that the City of Madison and the Aldermen each claimed the amount of $1,398.75 for "court reporter fees." This amount actually reflects the costs incurred by the City of Madison and the Aldermen for the separate copies each of them obtained of depositions

---

**1.** The City Council for the City of Madison con-    sists of a Mayor and five Aldermen.

taken by the plaintiffs in this case. The defendants themselves took no depositions during this litigation.

In its prior Order, this court found that the City of Madison and the Aldermen had presented no authority to support their contention that each of them was entitled to seek reimbursement for separate copies of the plaintiffs' depositions simply because they had hired separate counsel due to a perceived conflict of interests. The Aldermen argued that they had not voted in favor of the City of Madison's impact fee expenditure plan, and, inasmuch as they did not support the plan, their interests were contrary to those of the Mayor and two other Aldermen. This was the only reason the City of Madison and the Alderman asserted in support for each of their claims.

This court, relying on the leading Fifth Circuit decision regarding the matter of deposition costs, *United States v. Kolesar*, 313 F.2d 835 (5th Cir.1963), and the subsequent decision of *Copper Liquor, Inc. v. Adolph Coors Company*, 684 F.2d 1087, 1099 (5th Cir.1982) (reaffirming *Kolesar*) *reconsidered en banc*, 701 F.2d 542 (5th Cir.1983) (relevant holding undisturbed), concluded that there was probably no basis for awarding both the City of Madison and the Alderman the amounts claimed for two copies (one copy each) of each deposition taken by the plaintiffs. However, this court withheld final judgment on this issue and directed the City of Madison and the Aldermen to re-submit their respective cost bills accompanied by authority supporting their requests for court reporter fees.

This court also reviewed the respective cost bills with regard to the claims for expenses relating to photocopies, and found the itemization of these claims to be lacking. The itemization of photocopies employed by the City of Madison consisted of nothing more than the name of the printing company, the date, the invoice number, and the cost. For example, this court noted that on January 15, 1996, the City of Madison and the Aldermen had paid an establishment called Quick Print $6,523.84 for copying services.

Additionally, there was an "in-house" copying charge of $2,063.20. Nothing, however, was presented by the City of Madison or the Aldermen to indicate that these were copies necessarily obtained for use in the litigation.

This court instructed the City of Madison and the Aldermen that, in order for this court to tax costs for photocopies, this court must find that the copies for which costs are sought necessarily were obtained for use in the litigation, citing *Holmes v. Cessna Aircraft Company*, 11 F.3d 63, 64 (5th Cir.1994), and *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir.1983). This court explained that the methods of itemization employed by the defendants provided little assistance to this court for a determination of necessity.

The City of Madison and the Aldermen now have responded to this court's previous Order and have resubmitted their respective cost bills for review.

### THE LAW PERTAINING TO COSTS

■ As this court noted in its previous Order, costs are awarded to a party prevailing in a lawsuit as a matter of course pursuant to Rule 54(d)[2] of the Federal Rules of Civil Procedure. Title 28 U.S.C. § 1920 limits the court's discretion in taxing costs against the unsuccessful party, enumerating the following recoverable costs: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 ...; and (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828. The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920. *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 2498,

---

**2.** Rule 54(d) provides in pertinent part that "costs other than attorney fees shall be allowed

as of course to the prevailing party unless the court otherwise directs; ..."

96 L.Ed.2d 385, 391 (1987);[3] *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991).

■ As to depositions, a trial judge has great discretion to tax such costs if "all or any part [of the deposition] was necessarily obtained for use in the case." *Soderstrum v. Town of Grand Isle*, 925 F.2d 135, 141 (5th Cir.1991). Depositions, even when not actually admitted at trial, may be found by the court to be necessarily obtained for use in the case. *Stearns Airport Equipment Company, Inc. v. FMC Corporation*, 170 F.3d 518, 536 (5th Cir.1999); *Nissho–Iwai Company, Ltd. v. Occidental Crude Sales*, 729 F.2d 1530 (5th Cir.1984); *see also Kolesar*, 313 F.2d at 835; and *Allen v. United States Steel Corporation*, 665 F.2d 689 (5th Cir.1982) (deposition need not be used at trial but must appear reasonably necessary at the time it is taken). Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable. *Fogleman*, 920 F.2d at 286, citing *Studiengesellschaft*, 713 F.2d at 134; *Carpa Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1323 (5th Cir.1978); *Kolesar*, 313 F.2d at 835; and *Christian v. Tackett*, 86 F.R.D. 220, 222 (N.D.Miss.1979) (holding that more than one copy of a deposition may not be included in a bill of costs).

### THE DEFENDANTS' CLAIMS FOR COURT REPORTER FEES

The City of Madison responds that its Mayor and two of its Aldermen voted for a plan pertaining to the expenditure of impact fees collected from real estate developers and home builders in the Madison area. Three other Alderman, says the City of Madison, voted against this plan. The plaintiffs' challenge to this plan gave rise to the litigation underlying the instant cost bills. When the plaintiffs challenged this plan of expenditure, contending that the commingling of impact fees with other revenue, the failure to document properly the expenditure of the impact fees, and the use of impact fees for capital

items unrelated to the development of residential property was unconstitutional, the City of Madison says it perceived a conflict of interest between the City officials (the Mayor and two Aldermen) who voted for the plan and the City officials (three Aldermen) who voted against the plan. Thus, the City of Madison and the Aldermen, co-party defendants in the instant case, retained separate counsel.

Based on this decision to retain separate counsel, the City of Madison and the Aldermen now contend that they are entitled to submit separate cost bills for the same court reporter fees in the amount of $1,398.75, asserting that the decision to hire separate counsel was not merely a tactical decision, but based on a reasonable perception of a conflict between the co-defendants. To date, neither the City of Madison nor the Aldermen yet have submitted any authority supporting this assertion. Instead, the City of Madison and the Aldermen present to this court the argument that their right to hire separate counsel is itself the foundation of their entitlement to buy separate copies of the plaintiffs' depositions and then tax as costs the separate amounts each spent for the same court reporter services.

■ The authority on this topic is scant. Still, the case of *Perlman v. Feldmann*, 116 F.Supp. 102, 112 (D.Conn.1953), a case cited favorably by the Fifth Circuit in the *Kolesar* opinion, sheds some light on this question. The *Perlman* court held that the cost of obtaining copies of deposition transcripts was not taxable under Rule 54(d) of the Federal Rules of Civil Procedure or Title 28 U.S.C § 1920 where the original transcript was available from a co-party. The district court sustained the objection of the plaintiff, the losing party in a stockholders' action, to the taxability of the cost of two copies, in addition to the original transcript, of depositions obtained by the prevailing individual defendants. The *Perlman* court also ruled that the defendants' representation by two law firms, one in New York and the other in

**3.** In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, the United States Supreme Court held that district courts are limited by the list of items set forth in § 1920 and other related statutes. *Id.* at 482 U.S. 437, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385. The discretion given by Rule 54(d) "is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Id.* at 2498.

Connecticut, was not sufficient to show that the additional copies were obtained "necessarily" as distinguished from mere convenience. *Id.* at 112.

Interestingly, the *Perlman* court did allow the costs of an additional copy of deposition transcripts obtained by a corporation which had been made an additional defendant in the action, explaining that the corporation was brought into the case separately and was separately represented by counsel. The corporate interests which the added corporate defendant might properly seek to protect, said the *Perlman* court, were by no means the same as the interests of the two individual co-defendants seeking the deposition costs in question. *Id.* at 114.

■ In the instant case, the City of Madison and the Aldermen are co-party defendants whose interests in the litigation before this court were largely the same. While each viewed the other as antagonistic because of their respective votes on impact fee expenditures, both groups sought a determination either that this court lacked jurisdiction over the case, or that their actions as officials of the City of Madison did not violate the plaintiffs' constitutional rights. This court ultimately determined that it was barred from hearing this case due to the Tax Injunction Act[4] and the plaintiffs' complaint was dismissed. The issue of their respective voting records on impact fee expenditures never arose.

Nevertheless, the City of Madison and the Aldermen saw the voting issue as grounds for potential conflict between them if this case had gone to trial on the merits of the plaintiffs' constitutional claims. Thus, in this regard, their respective positions were antagonistic, and this court finds that each is entitled to claim the costs of obtaining copies of the plaintiffs' depositions. The *Perlman* decision teaches that the costs of obtaining copies will be awarded each defendant where their respective interests are not the same and they are represented by separate counsel.

Finally, this court also has considered the matter of which party actually took the depositions in question and whether the originals of these depositions were available from a co-party. The *Perlman* decision holds that the cost of obtaining copies of deposition transcripts is not taxable under Rule 54(d) of the Federal Rules of Civil Procedure or under Title 28 U.S.C § 1920 where the *original* transcript was available from a co-party. In the instant case, the originals of the depositions in question were in the custody of the plaintiffs. Neither of the co-party defendants was responsible for these depositions, and neither had possession of the originals.

In view of the above considerations, this court finds that the City of Madison and the Alderman had reasonable need for the depositions for use in this litigation and they may each recover their costs incident to obtaining their respective copies. *See Kolesar,* 313 F.2d at 840; and *Christian v. Tackett,* 86 F.R.D. at 222. The amounts of $1,398.75 claimed in each bill of costs submitted by the City of Madison and the Aldermen is hereby approved.

### THE PHOTOCOPYING COSTS

#### A. Costs Claimed by the City of Madison

■ The plaintiffs objected to the defendants' respective claims for costs of photocopying in their original cost bills, noting that the City of Madison and the Aldermen failed to itemize the copies in a manner which would inform this court what these copies are or how they were used in the litigation of this case. This court agreed. Furthermore, as this court noted in its previous Order, Title 28 U.S.C. § 1920(4) provides that a prevailing party may be awarded costs for exemplification and copies of papers necessarily obtained for use in the case. However, the court will not allow photocopying charges for convenience, preparation, research, or records of counsel. *See Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128, 133 (5th Cir.1983). The party seeking to recover these costs must show that the copies were

---

4. Title 28 U.S.C.A. § 1341, also known as the Tax Injunction Act, provides that "[t]he district courts shall not enjoin, suspend or re-strain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

necessary and provided either to the court or the opposing party. *Fogleman v. ARAMCO,* 920 F.2d 278, 286 (5th Cir.1991).

The City of Madison submits a letter from the plaintiffs' counsel dated December 29, 1995. In this ten-page letter consisting of forty separate paragraphs, plaintiffs' counsel sets forth in detail the documents the plaintiffs expected to be provided by the City of Madison. The list is extensive, including all receipts and deposit slips pertaining to impact fees; certified copies of all ordinances, resolutions and minutes pertaining to impact fees and their expenditure; certified copies of the City of Madison's budgets for the fiscal years between 1985 and 1995, including relevant work papers; transcriptions of tape recorded public hearings pertaining to impact fees; and copies of all audited financial statements of the City of Madison for the fiscal years between 1985 and 1995, with any related work papers. Many additional documents are requested in this letter. According to the City of Madison, all the requested documents were provided to the plaintiffs.

The City of Madison also presents the invoices it submitted in support of its claim for photocopying costs. Invoice # 101473 issued by Quick Print Plus is described by the City of Madison as the charge for supplying to the plaintiffs letter sized copies @ $.15 cents per page; legal sized copies @ $.25 cents per page; and oversized copies @ $1.95 per page. According to the City of Madison, the parties agreed to the copying of oversized documents. The City of Madison also explains that all these documents were originals, and that many of the documents had to be unstapled, hand fed into the copier and then re-stapled, resulting in a higher charge for non-automated labor. This court finds the explanation of this invoice acceptable as far as it goes. However, there is more to be clarified.

Invoice # 101473 also shows that 11 × 17 sized copies were made at a cost of $.25 per page. Furthermore, this invoice shows that the City of Madison obtained three sets of 5436 letter sized and legal sized documents; three sets of 882 11 × 17 sized documents; and three sets of 511 oversized documents. The total charge for three sets of documents

was $6,523.84. Additionally, invoice # 105689 shows that the City of Madison obtained three sets of 793 additional documents at a charge of $267.29. The City of Madison explains that most of these documents did not have to be hand fed into the copier, resulting in a lower charge.

■ Multiple sets of relevant documents may not be charged to an opponent, but, a district court may award a litigant the cost of preparing a single set of documents in a case. *Stearns Airport Equipment Company, Inc. v. FMC Corporation,* 170 F.3d 518, 536 (5th Cir.1999), citing *Fogleman v. ARAMCO,* 920 F.2d, at 286. Therefore, this court hereby approves the amount of $2,174.61 (1/3 of $6,523.84) on Quick Print Plus invoice # 101473 and $89.09 (1/3 of $267.29) on Quick Print Plus invoice # 105689 as the amount charged for one of the sets of copies obtained by the City of Madison. This court is unable to ascertain that any other invoices exemplify charges for multiple sets of documents. For example, the Choice invoice # 02004709 shows that one set of 862 copies, one set of 422 17″ copies, and one set of 43 oversized documents were obtained by the City of Madison for disclosure to the plaintiffs at a total cost of $291.60. This court has approved this invoice, as well as other invoices which reflect that only one set of copies was obtained.

■ The City of Madison claims that the total cost of all the copies it obtained in this case was $10,656.40, less the amount already paid by the plaintiffs and by the Aldermen (co-defendants Butler, Dunn and Weaver), resulting in a balance of $7,685.96. However, the City of Madison does not show the plaintiffs ever agreed to pay for three sets of any copies obtained for discovery purposes. Instead, the City of Madison states in its brief that all the documents were requested by the plaintiffs. This court has looked to the aforementioned December 29, 1995, letter and finds nothing to suggest that the documents the plaintiffs sought in discovery were required to be produced in triplicate. Therefore, this court hereby approves the amount of $3,338.56 as the appropriate amount which the City of Madison may charge for all fees

and disbursements pertaining to printing and photocopies in its revised cost bill.

## B. Costs Claimed by the Aldermen

The Aldermen's cost bill claims $2,966.81 for copies and exemplification. Of this amount, $1,689.91 is documented by correspondence and a check paid to the law firm of Daniel Coker Horton and Bell. According to the correspondence, this amount represents ⅓ of the costs for copies the City of Madison obtained for disclosure to the plaintiffs. This court has reviewed the documentation and finds that the City of Madison properly accounted for this payment when it reduced its total costs for copies to $7,685.96 ($10,656.40, less the amounts already paid by the plaintiffs and by the Aldermen). Thus, the court hereby approves the amount of $1,689.91 as costs for copies and exemplification incurred by the Aldermen.

The Aldermen also seek $1,276.90 in costs for copying and exemplification, claiming simply that they have incurred this specific cost for in-house copying. Moreover, the Aldermen admit that they are wholly unable to account for this amount in any manner. Instead, the Aldermen state that they are not required to account for every single copy made in this litigation, citing *Fogleman v. ARAMCO*, 920 F.2d at 286.

Before this court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation. *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d at 133. Moreover, the party seeking such costs must offer some proof of the necessity. *Holmes v. Cessna Aircraft Company*, 11 F.3d 63, 64 (5th Cir.1994), citing *Fogleman v. ARAMCO*, 920 F.2d at 286 (the cost of copying other documents is subject to the same standard as that of copying depositions: reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity).

The Aldermen quote *Fogleman v. ARAMCO*, 920 F.2d at 286, out of its complete context. The *Fogleman* Court noted that the party claiming costs for in-house photocopying:

provided no itemized breakdown of the copying costs incurred, beyond distinguishing those duplicated in house by its counsel and those duplicated elsewhere. It is therefore impossible to tell to what extent copies charged to ARAMCO were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel. *While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings*, we do require some demonstration that reproduction costs necessarily result from that litigation. The Foglemans should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines.

*Id.* at 286 (emphasis added).

In the instant case, the Aldermen have distinguished between the copies provided them by the City of Madison and the copies made in-house. However, the Aldermen offer nothing to support a determination by this court that the in-house copies all were obtained for use in the case. This court already has found two invoices submitted by the City of Madison showing that the plaintiffs in the instant case were being charged for three sets of copies. This court simply cannot judge whether the Aldermen's request for copying costs may suffer a similar infirmity or whether the in-house copies were necessary for use in the case without a more specific statement, even if the statement does not account for every single copy. *See Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 891 (5th Cir.1993) (court unable to determine necessity without a more detailed statement regarding in-house copying).

Therefore, this court hereby approves the Aldermen's request for $1,689.91 as the cost of their obtaining copies for use in this litigation.

## CONCLUSION

This court hereby approves the cost bill of the City of Madison in the amount of $3,338.56 for the cost of copies and exemplification, plus $1,398.75 for fees of the court reporter, for a total of $4,737.31. The cost bill of the Aldermen (the defendants Butler, Dunn and Weaver) is hereby approved in the amount of $1,689.91 for the cost of copies and exemplification, plus $1,398.75 for court reporter fees, for a total of $3,088.66.