**J.T. GIBBONS, INC.,**
**Plaintiff-Appellant,**

v.

**CRAWFORD FITTING COMPANY, et al., Defendants-Appellees.**

**No. 84–3332.**

United States Court of Appeals,
Fifth Circuit.

May 17, 1985.

---

Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, La., Joseph L. Alioto, John I. Alioto, Lawrence G. Papale, Alioto & Alioto, San Francisco, Cal., for plaintiff-appellant.

McGlinchey, Stafford & Mintz, Dando B. Cellini, New Orleans, La., for Crawford Fitting and Lennon.

Ernest P. Mansour, Cleveland, Ohio, Victoria L. Knight, New Orleans, La., for Crawford.

Dale, Owen, Richardson, Taylor & Matthess, Thomas E. Balhoff, Baton Rouge, La., for Capital Valve & Fitting Co.

Charles E. Hamilton, III, New Orleans, La., for Thomas Read & Co.

Before GOLDBERG, TATE and JOLLY, Circuit Judges.

PER CURIAM:

Following the successful defense of an antitrust action, the defendant was awarded as costs of the litigation over $151,000, including more than $86,000 for expert witness fees. Because we find the award of expert witness fees to be in error, we reverse in part and remand.

I

The plaintiff, J.T. Gibbons, Inc. (Gibbons), brought suit against the defendants Crawford Fitting Company, and others

(Crawford), alleging antitrust violations of sections 1 and 2 of the Sherman Act. At the conclusion of the evidence, the district court directed a verdict against Gibbons, 565 F.Supp. 167, which was affirmed by a panel of this court on appeal. 704 F.2d 787. Crawford, on behalf of all defendants, then filed a bill of costs with the district clerk. The clerk taxed all costs requested by Crawford, with the exception of certain expert witness fees and attorneys' fees and expenses incurred in connection with a deposition taken by Crawford in Scotland. Both Gibbons and Crawford contested the clerk's assessment of costs in district court. Following a hearing, the district court altered the clerk's assessment and awarded Crawford over $151,000, including expert witness fees, and attorneys' fees and expenses for the Scotland deposition. 102 F.R.D. 73. Gibbons now appeals.

## II

Our primary reason for writing today is to address the question whether a district court may allow as costs of a lawsuit expert witness fees in excess of the statutory maximum provided in 28 U.S.C. § 1821. Gibbons has also taken issue with several other items of costs taxed by the district court. Because those issues involve well settled principles of law, we will briefly address each before considering the district court's assessment of expert witness fees.

## III

### A.

The first contested issue concerns costs awarded to Crawford for audiovisual equipment and assistance. The district court disallowed costs for the preparation of certain charts, but allowed the expenses incurred in connection with the operation of projection equipment, reasoning that the court's specific request for this equipment was tantamount to pretrial authorization. Gibbons argues that the district court did not formally authorize the audiovisual equipment prior to trial and did not provide Gibbons the necessary notice to make a formal objection to the use of the particular equipment. Gibbons also contends that the cost of the equipment, totalling $18,494.24, was unreasonable because similar equipment could have been procured at less expense.

It is settled that costs for charts, models and photographs may be taxed as costs only if there is pretrial authorization by the trial court. *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir.1983); *Johns Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381, 1385 (5th Cir.1970). Here the record reflects that prior to trial the district court requested the audiovisual equipment which, in fact, was used by both Gibbons and Crawford. Although the cost of the projection equipment and technical assistance might appear to be excessive, the district court had prior experience with the use of this special equipment and found it to be necessary and reasonable in conducting such complex and lengthy antitrust litigation as that before it. The record does not reflect that the district court abused its sound discretion in taxing these expenses as costs.

### B.

Gibbons also contests the costs awarded to Crawford for copies of depositions noticed by Gibbons and costs of daily trial transcripts. Gibbons argues that Crawford is not entitled to recover for the deposition copies because the depositions were noticed by Gibbons and because the copies were obtained merely for Crawford's convenience. Gibbons also contends that the cost of daily trial transcripts should not have been taxed because they also were primarily for Crawford's convenience and were not necessary for use in the case.

It is well established in this circuit that the cost of copies of deposition transcripts is taxable only if the copies were necessary for use in the case. *Eastman Kodak*, 713 F.2d at 133; *Copper Liquor, Inc. v. Adolph Coors*, 684 F.2d 1087, 1099 (5th Cir.1982). The same standard applies to awards of costs for daily trial

transcripts. *Copper Liquor*, 684 F.2d at 1099; *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir.1963). The district court here found that the daily trial transcripts were necessary for use in the case, and we are convinced that the court was within its discretion in reaching that conclusion. The district court also found that the transcript copies of depositions noticed by Gibbons were necessary for use in the case. Again, there is nothing in the record to suggest that the district court abused its discretion. Furthermore, we can find no compelling reason, certainly in this case, to distinguish, as far as costs for copies are concerned, between depositions noticed by an unsuccessful litigant as opposed to a prevailing party. We therefore affirm the district court's award of costs to Crawford for transcript copies of depositions noticed by Gibbons and daily trial transcripts.

## C.

Gibbons also appeals the taxing of costs for Crawford's travel expenses and attorney's fees incurred in connection with a deposition taken in Scotland. The district court based the award upon its general equitable powers, finding bad faith and vexatiousness concerning Gibbons' failure to comply with a discovery order that made the Scotland depositions necessary.

The facts underlying the district court's award can be briefly summarized. Crawford sought to depose two principals of Hydrasun (Aberdeen), Ltd., a Scottish corporation, who allegedly had knowledge of facts concerning the losses claimed by Gibbons. To limit expenses, Crawford had agreed to make one of its Scottish distributors available in the United States in exchange for Gibbons' commitment to make the Hydrasun principals, who resided in Scotland, available to Crawford in the United States. The Scottish distributor was deposed by Gibbons pursuant to the agreement, but despite repeated attempts by Crawford, Gibbons failed to make available the Hydrasun principals. Crawford then obtained a court order directing Gibbons to make the principals available in the United States pursuant to the original agreement. The principals later appeared in the United States, but their depositions were not completed because they insisted on leaving early for personal reasons. During these depositions, Crawford became aware that the principals had been in the United States to confer with Gibbons prior to the court's order, but were not made available to Crawford at that time. Crawford then requested a hearing before a magistrate who ordered that Crawford be afforded a full and fair opportunity to depose the principals in Scotland and examine documents. Pursuant to the magistrate's order, Crawford sent three attorneys to Scotland to take the depositions, but the principals refused to disclose certain business documents they considered confidential. The scheduled depositions concluded with no testimony taken and no documents produced.

As a general rule attorneys' fees and travel expenses incurred in connection with deposition taking, are not usually taxable as costs. 4 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 26.82, (2d ed. 1983). Under circumstances evidencing bad faith, vexatiousness, or oppressiveness, however, an award of such costs may be made under the court's general equitable power. *See Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973); *United States v. Bexar County*, 89 F.R.D. 391, 394 n. 5 (W.D.Tex.1981); 4 *Moore's Federal Practice* at ¶ 26.82; 6 *Moore's Federal Practice* at ¶ 54.77[2]. In this case the district court expressly found that Gibbons acted vexatiously and in bad faith. The record clearly supports the district court's findings. Gibbons, in fact, completely failed to defend against or even dispute the facts upon which the court's findings were based. We therefore affirm the district court's award of these costs under its general equitable power.

## IV

The final and most important issue is the taxing of expert witness fees. The Supreme Court long ago established as a gen-

eral rule that expert witness fees are not taxable as costs beyond the statutory per diem fee, mileage, and subsistence allowance provided in 28 U.S.C. § 1821. *Henkel v. Chicago, St. Paul, Minnesota, and Omaha Ry Co.*, 284 U.S. 444, 446, 52 S.Ct. 223, 224–25, 76 L.Ed. 386 (1932). The district court here, in a thoughtful and carefully considered opinion, however, decided that the Court modified the general rule when it stated that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 234–35, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). The Third and Eighth Circuits have interpreted *Farmer* to accord a district court equitable discretion to award expert witness fees when an expert's testimony is "indispensable" to the determination of the case. *See Paschall v. Kansas City Star Co.*, 695 F.2d 322, 338–39 (8th Cir.1982); *Roberts v. S.S. Kyriakoula D. Lemos*, 651 F.2d 201, 206 (3d Cir. 1981). The district court, although recognizing that this circuit, unlike the Third and Eighth Circuits, had not formally adopted the indispensability rule, believed that the door to the adoption of this rule had been opened in *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087 (5th Cir.1982). In *Copper Liquor*, we stated:

> Expert witnesses generally may be allowed only the fees allowed "fact witnesses," as prescribed by 28 U.S.C. § 1821. Courts of appeal have approved trial court discretion to award the full fee charged by the expert in exceptional circumstances, for example, when the expert testimony was necessary or helpful to the presentation of civil rights claims, or indispensable to the determination of

the case. If counsel plan to seek allowance of the entire expert's fee, the better practice is to seek court approval before calling the expert witness. The court should consider these factors if counsel seek an allowance for experts in excess of the fee allowed for fact witnesses.

*Id.* at 1100 (footnotes omitted).

Although this statement in *Copper Liquor*, which is unquestionably dictum, suggests that expert witness fees may be recoverable in certain circumstances, we are compelled to hold otherwise.[1] Like the panel in *Copper Liquor*, we are bound by a prior decision of this court, decided after *Farmer*, that held courts have no authority outside 28 U.S.C. § 1821 to award as costs expert witness fees. *Burgess v. Williamson*, 506 F.2d 870, 879 (5th Cir.1975); *see also Baum v. United States*, 432 F.2d 85, 86 (5th Cir.1970).[2]

In conclusion we affirm the district court's assessment of all costs except those representing expert witness fees and remand to the district court for a reassessment of costs consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

---

1. Even if *Copper Liquor* was controlling and did permit the taxing of expert witness fees, our decision would be no different because Crawford did not seek court approval of the experts' entire fees before calling its expert witnesses. *See Copper Liquor*, 684 F.2d at 1100.

2. Our decision today is not inconsistent with this court's opinion in *Jones v. Diamond*, 636 F.2d 1364, 1384 (5th Cir.1981) (en banc). In *Jones*, we held that recovery of expert witness fees above the statutory maximum is permitted in civil rights cases because of Congress' intent to apply a different rule in such cases and because civil rights plaintiffs, particularly prison inmates who are almost always indigent, would be unable to bring suit without the ability to recover experts' fees. *Id.* These unique considerations have no application in most civil cases such as the one here.