**NATIONAL BANCARD CORPORATION, etc.,**
**Plaintiff,**

v.

**VISA, U.S.A., INC., Defendants.**

**No. 79–6355–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

July 31, 1986.

See also, 11th Cir., 785 F.2d 1037.

Robert L. Ciotti, Nancy Faggianelli, Chris S. Coutroulis, John K. Olson, Carlton,

Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for plaintiff.

Paul C. Huck, Fleming & Huck, P.A., Miami, Fla., M. Laurence Popfsky, Stephen V. Bomse, Robin E. Neuman, Meryl Macklin, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION

### TAXING COSTS

HOEVELER, District Judge.

THIS CAUSE has come before the Court upon the motion of the Defendant, VISA USA INC. ("VISA"), to tax its costs pursuant to Rule 54(d), Fed.R.Civ.P. The Plaintiff, National Bancard Corporation ("Nabanco"), contested virtually every item in VISA's bill of costs and the Court heard argument on the motion at a hearing on December 14, 1984, and has considered subsequent submissions and reviewed the transcript of that hearing. In the following, I will discuss the several cost claims and the awards to be made.

### Court Reporter Fees

Section 1920(2) permits taxation of costs for. the fees of a court reporter who prepares any "stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). VISA seeks $32,500 for the preparation of trial transcript, $963.75 for the preparation of the transcripts of pre-trial hearings and $41,363.27 ($41,-825.68) for deposition transcripts.

### A. Trial Transcript

At the request of VISA, trial transcript was prepared in this case on either a daily or hourly basis. While the Court was made aware of the fact that VISA ordered expedited transcript, the Court neither ordered that the transcript be prepared on that basis nor specifically approved it. Nabanco neither agreed nor objected to the preparation of the transcript. Daily transcript is delivered following adjournment and prior to the normal opening hour of the court on the following morning whether or not it is a day when the court is in session. Hourly transcript is delivered within two (2) hours of adjournment.

Nabanco objects to the necessity of the trial transcript, especially on an expedited daily basis. ·If the trial transcript was necessary, Nabanco argues that non-expedited transcripts would have been sufficient. Nabanco points out, for example, that the presence of several attorneys for VISA in the courtroom, who were available to take notes obviated the need for immediate transcript.

In addition, Nabanco objects to the taxation of those segments of the trial transcript which consisted of the reading of depositions into evidence since VISA already had copies of the depositions.

■ The Court finds that the expedited nature of the transcript was for the convenience of counsel and therefore the additional expense is not taxable. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *In re Nissan Antitrust Litigation,* 577 F.2d 910, 918 (5th Cir.1978), cert. ·*denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979); *Hiller v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 60 F.R.D. 87 (N.D.Ga.1973).

However, given the fact that the trial of this cause spanned a twenty-month period and consisted of several different sessions separated by several months, the Court finds that the trial transcript was necessarily obtained for the use of counsel and the Court. Therefore, the Court shall tax as costs the amount which the court reporter would have charged for transcription at the rate for ordinary transcript. The trial transcript in this cause totalled approximately 8,700 pages. At the ordinary rate of $2.00 per page, the Court will allow $17,400 in costs for the trial transcript. This case was unsuccessfully appealed by Nabanco. I have been advised that the cost of the record was not taxed and that very little or no additional record preparation was required beyond that which was produced during the trial. Thus, I will not allow the total cost of the daily copy ordered by VISA, but will, as indicated, permit recov-

ery of $17,400 which would have been the charge for the record on appeal at the page cost mentioned above.

### B. *Pre-Trial Hearings*

VISA seeks to tax the costs of transcripts of pre-trial hearings in the amount of $963.75. Some courts have adopted the following standard for determining whether the costs of the transcripts of pre-trial hearings are taxable:

> [T]he Court must consider both the length and complexity of the whole case and what transpired at the hearings for which [the party] seeks the costs of transcripts. If the proceedings were devoted to limiting and clarifying the issues which were to be heard at a lengthy trial and if such proceedings were of a magnitude that a transcript was needed to determine how the trial would proceed, then a transcript would of course be justified. However if these pretrial hearings did not greatly clarify the trial issues and if their substance could have been determined from the Court's orders and memoranda, then the [party] is not entitled to the costs of transcripts of them.

*Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 719–20 (N.D.Ill.), *aff'd*, 691 F.2d 310 (7th Cir.1982), *rev'd on other grounds*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), *quoting Sperry Rand Corp. v. A–T–O, Inc.*, 58 F.R.D. 132, 138 (E.D.Va.1973).

█ Whether or not a different standard applies to pretrial proceedings as opposed to trial transcripts, VISA has not made a sufficient showing of the necessity of the transcription of the pretrial proceedings and the Court will deny the taxation of those costs.

### C. *Depositions*

VISA seeks the taxation of the cost of the deposition transcripts for approximately ninety witnesses. Nabanco has objected to various groups of the witnesses whose deposition costs VISA seeks to tax and the

Court will consider these objections by category.

Nabanco agrees that VISA is entitled to recover deposition costs of witnesses whose depositions were read at trial and who did not testify live. However, neither party has identified which witnesses fall within that category. Nabanco has also agreed to the taxation of the deposition costs of certain other witnesses.

The parties agreed to the deposition of each side's expert witnesses. According to Nabanco, this agreement provided that neither side would bill the other for the fees charged by the expert for attendance at the deposition. Nabanco argues that, since the Federal Rules of Civil Procedure do not provide for the deposition of expert witnesses and the depositions occurred because of the agreement between the parties, the Defendant should not be able to recover the costs of the expert witness depositions. The Court would note that the agreement as described by Nabanco did not explicitly cover the question of costs beyond the fees of the expert witness and therefore does not control the question of the taxability of the court reporter fees related to those depositions. The depositions of expert witnesses will be considered under the same criteria as those applied to other witnesses.

Nabanco objects to the taxation of the deposition costs for two groups of witnesses: 1) witnesses who were deposed but whose depositions were not read at trial because they testified live; and 2) witnesses who did not testify live at trial and whose depositions were not read or otherwise utilized at trial.

Nabanco, relying on *United States v. Kolesar*, 313 F.2d 835 (5th Cir.1963), argues that a deposition is necessarily obtained for use in the case only if all or part of the deposition is actually introduced in evidence or used at trial for impeachment purposes. *See Holmes v. Oxford Chemicals, Inc.*, 510 F.Supp. 915, 917 (M.D.Ala. 1981), *aff'd on other grounds*, 672 F.2d 854 (11th Cir.1982).

■ While the Court agrees that *Kolesar* approves the taxation of deposition costs in those two instances, the opinion also adopts a flexible concept of necessity which recognizes that the trial judge must determine the necessity of a deposition in the particular context of a specific case. 313 F.2d at 840. The cost of a deposition not used at trial is taxable if the deposition appeared to be reasonably necessary in light of the particular situation existing at the time it was taken. *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 994 (N.D.Ga.1982); *Neely v. General Electric Co.*, 90 F.R.D. 627, 630 (N.D.Ga. 1981). However, costs incurred for the convenience of a party, for the purposes of investigation, or simply to aid a party in a more thorough preparation of a case are not recoverable. *United States v. Kolesar*, 313 F.2d at 837–38.

■ The burden is on the party seeking taxation of the deposition costs to show that the deposition was necessarily obtained. *Neely v. General Electric Co.*, 90 F.R.D. at 630. Nabanco argues that VISA cannot succeed even under the more liberal standard because there has been no individualized showing that the taking of any of the depositions at issue was reasonably necessary in light of the facts known to counsel at the time it was taken. VISA argues that the deposition of all the witnesses designated by Nabanco, including in the pretrial stipulation, was reasonably necessary since VISA anticipated using those depositions at trial. VISA also argues that several depositions were made necessary by the testimony of John Bull concerning the claimed damages to Nabanco from the alleged antitrust violation in which he mentioned several merchants. According to VISA, the depositions of the merchants were necessary to monitor Bull's testimony and to cross examine Bull in relation to testimony about the merchants. I will grant the defendants claim for these costs, in part. The serious nature of this case with the exposures inherent in an unsuccessful defense, suggest that most of the depositions taken were important to the defense. No costs have been permitted for unspecified depositions.

### Expert Witness Fees

VISA seeks to recover the fees of its expert witnesses as costs. The Court declines to allow the expert witness fees as costs and will allow only the statutory per diem and attendance costs for such witnesses.

■ The general rule in civil litigation in federal courts is that expert witness fees are not taxable as costs beyond the statutory per diem fee, mileage and the subsistence allowance provided for under 28 U.S.C. § 1821. *Henkel v. Chicago, St. Paul, Minnesota & Omaha Ry. Co.*, 284 U.S. 444, 446, 52 S.Ct. 223, 224, 76 L.Ed. 386 (1932); *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985); *Kivi v. Nationwide Mutual Insurance Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983); *Green v. American Tobacco Co.*, 304 F.2d 70, 77 (5th Cir.1962). While conceding this general rule, VISA argues that this case presents circumstances which justify the taxation of the expert witness fees as costs.

VISA presents two arguments in support of the taxation of the expert witness fees. First, VISA seeks to recover the fees because of the "indispensable" nature of the testimony of the witnesses. VISA argues that the nature of the action—challenging the basic structure of VISA's bankcard operations—required a defense involving economic explanations available only through experts. At the hearing held on the issue of costs, VISA focussed this argument on three of its five experts: Baxter; Edwards; and Wecker.

VISA's second argument in support of the recovery of expert witness fees applies only to the testimony of Dr. Wecker. On cross-examination by VISA's counsel, one of Nabanco's experts, Dr. Tsokos, described the use of "filters" in determining whether VISA's selection of banks was representative. According to VISA, the testimony on "filters" was unsubstantiated but

required preparation and testimony by Dr. Wecker to rebut the theory.

The Third and Eighth Circuits have held that a district court has equitable discretion to tax expert witness fees as costs when the expert's testimony is indispensable to determination of the case, even though the party on whose behalf the expert witness testified has not sought prior approval from the judge. *Coleman v. Omaha,* 714 F.2d 804, 809 (8th Cir.1983); *Paschall v. Kansas City Star Co.,* 695 F.2d 322, 338–39 (8th Cir.1982) *rev'd on other grounds,* 727 F.2d 692 (8th Cir.1984) (en banc); *Roberts v. S.S. Kyriakoula D. Lemos,* 651 F.2d 201, 203–07 (3d Cir.1981). *Contra, Quy v. Air America, Inc.,* 667 F.2d 1059, 1066–68 (D.C.Cir.1981).

The Third and Eighth Circuits based their decisions allowing the taxation of expert's fees where the testimony of the expert is indispensable on a finding that the Supreme Court's decision in *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), qualified *Henkel.* In Farmer, the Supreme Court upheld a district court's refusal to tax travel expenses of the prevailing parties witnesses and expenses for a daily transcript of the record under Rule 54(d), Fed.R.Civ.P., where the district court found that the prevailing party ran up a "huge bill of costs". The Third and Eighth Circuits found the authority of a district court to award costs not specifically enumerated in 28 U.S.C. § 1821 in the following language in *Farmer* :

> We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny.... *Therefore the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.* Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation.

379 U.S. at 235, 85 S.Ct. at 416. (Emphasis added.)

In *Kivi, supra,* the Eleventh Circuit flatly stated that expert witness fees cannot be assessed in excess of witness fees provided in 28 U.S.C. § 1821. The court stated:

> In *Henkel v. Chicago, St. Paul, Minneapolis & Omaha Railway,* 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932), the Court, in dealing with the expert witness fees, said, "Specific provision as to the amounts payable and taxable as witness fees was made by Congress ... Under these provisions, additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in federal courts." And what we said in *Green v. American Tobacco Company,* 304 F.2d 70 (5 Cir 1962) could hardly be clearer. "Under the present statute, 28 U.S.C.A. § 1821, the district court had no authority to tax costs for compensation to an expert witness in excess of the statutory attendance per day, mileage and subsistence allowances" (footnotes omitted). Again in *United States v. Kolesar,* 313 F.2d 835 (5 Cir.1963) this principle was firmly iterated, " ... we have categorically determined that expert witness fees are not taxable under 28 U.S.C.A. § 1821."

695 F.2d at 1289.

The District of Columbia Circuit relied on *Henkel* in rejecting an indispensability exception to the general rule in *Quy v. Air America, Inc.,* 667 F.2d 1059, 1066–68 (D.C.Cir.1981).

In *Kivi,* the Eleventh Circuit did not address the question of the extent to which *Farmer* might qualify *Henkel.*

The Fifth Circuit, while recognizing the positions of the Third and Eighth Circuits, recently held that it was bound by prior Fifth Circuit decisions holding that courts have no authority outside 28 U.S.C. § 1821 to award as costs expert witness fees. *J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 760 F.2d 613, 617 (5th Cir.1985). This Court is similarly bound by the decisions relied on

by the panel in *J.T. Gibbons. See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

▮ The Court declines to tax as costs the fees of VISA's expert witnesses based on the "indispensability" of those witnesses. First, the precedent in this circuit does not allow the exercise of the Court's discretion to allow such an award. *Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d at 1526; *Kivi v. Nationwide Mutual Insurance Co.,* 695 F.2d at 1289; *Strong v. Ponder,* 572 F.Supp. 129, 130 (N.D.Ga. 1983). Although in neither *Kivi* nor *Loughan* did the Eleventh Circuit address the question of the extent to which *Farmer* qualified *Henkel,* the decisions clearly do not allow this Court to exercise discretion to tax expert witness fees as costs. *Kivi,* 695 F.2d at 1289.

Secondly, the Court would decline to exercise such discretion based on the facts of this cause. Expert testimony is probably indispensable, or, at least, important to the determination of the issues in any complex antitrust action. At the cost hearing, VISA's counsel argued that, because the economics of VISA's bank card system are unique and had not been addressed before, the only method by which VISA could defend the antitrust action was through the use of experts to explain the economics of the system. The novelty of the question, in the Court's opinion, does not require a different application of the stated law.

In addition, the taxation of the expert witness fees, when there was no application prior the testimony of the expert to put Nabanco on notice of the potential of an extremely large liability, would not further any equitable considerations. *See J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 760 F.2d at 617 n. 1, and en banc decision (trade cases (CCH) 67,129 (5th Cir.1986).

▮ An exception to the general rule on taxation of expert witness fees recognized in this circuit is the discretion of the district court to assess such fees when necessitated by "an unfounded action or defense ... maintained in bad faith, vexatiously, wantonly or for oppressive reasons." *Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 441 F.2d 631, 637 (5th Cir.1971) (cite omitted). In *Kinnear-Weed,* the Fifth Circuit affirmed the trial court's assessment of expert witness fees which arose out of the plaintiff's assertion that a trial exhibit had been altered. Plaintiff's counsel admitted that there was no basis for the assertion and the trial court found that the assertion was made "fraudently". *Id.* at 637.

▮ VISA alleges that the testimony of Nabanco's expert, Dr. Tsokos, concerning the use of "filters" in his determination of whether VISA's selection of banks for inclusion in its bank card system testing was representative, was wholly unsubstantiated but nonetheless required preparation and testimony by its expert. The Court notes that VISA's argument would justify only the taxation of the expert's fees related to the rebuttal testimony. In any event, the Court finds, after having listened to all the expert testimony presented at trial, that the testimony of Dr. Tsokos was not presented in "bad faith" and does not constitute an exception to the general rule.

### Witness Fees

The taxation of costs for "[f]ees and disbursements ... for witnesses" is permitted under 28 U.S.C. § 1920(3). Statutory witness fees are set forth in 28 U.S.C. § 1821, which provides that "a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule of order of a court of the United States, shall be paid" attendance fees provided for in the statute, travel expenses and a subsistence allowance for overnight stays.

A witness is entitled to an attendance fee of $30 per day for each day of attendance and for the time necessarily occupied in traveling to and from the place of attendance. 28 U.S.C. § 1821(b). Travel expenses are limited to "the most economical rate reasonably available" on a common carrier or, if the witness uses a private car,

the statutory mileage allowance for federal employees. 28 U.S.C. § 1821(c). A witness in attendance on this court is entitled to $75 per day subsistence allowance since the Court is located in a "high-cost" area as defined in 28 U.S.C. § 1821(d)(3).

Rule 45(e) of the Federal Rules of Civil Procedure provides that, with exceptions not relevant to this cause, subpoenas requiring the attendance of witnesses at a trial cannot be served outside the judicial district more than 100 miles from the place of trial. Some older cases had held that since a witness cannot be compelled under this rule to travel more than 100 miles, a party who persuades him to do so by paying the witness's travel expenses cannot have those expenses taxed as costs. See, e.g., *Vincennes Steel Corp. v. Miller*, 94 F.2d 347 (5th Cir.1938). The Supreme Court rejected the strict application of the 100–mile rule in *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 231–32, 85 S.Ct. 411, 414–15, 13 L.Ed.2d 248 (1964), and concluded that the rule should be considered by the district court in exercising its discretion. *Id.*

■ Costs for witness travel are limited to 100 miles absent "special circumstances." *Goodwin Brothers Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 734 (5th Cir. 1979); *Simmons v. McLean Trucking Co.*, 100 F.R.D. 61, 64 (N.D.Ga.1983). The relevance and necessity of the witnesses's testimony and the existence of court approval prior to the incurrence of the travel expense are factors to be considered in determining whether special circumstances are present. *Goodwin Brothers Leasing*, 587 F.2d at 734. Where witnesses were necessary and material to the party's case and the party could not obtain similar testimony from witnesses residing closer, a court has allowed taxing of the witnesses' travel costs. *O'Donnell v. Georgia Osteopathic Hospital, Inc.*, 99 F.R.D. 578, 580 (N.D.Ga. 1983). Where the deposition of the witness is available, courts have not allowed the taxation of the witness's travel expenses as costs if the party prefers to put on live testimony in a jury trial rather than use the deposition. *Brager & Co. v. Leumi Securities Corp.*, 530 F.Supp. 1361, 1364 (S.D. N.Y.1982); *Morrison v. Alleluia Cushion Co.*, 73 F.R.D. 70, 72 (N.D.Miss.1976); *contra, Dasher v. Mutual Life Ins. Co.*, 78 F.R.D. 142 (S.D.Ga.1978).

Nabanco argues that the testimony of certain of the Defendant's out-of-state witnesses were a luxury (Friedman, Schmidt, Jutilla, Craft, Pollack, Emerson, Russell and Katz) since there was a deposition of each of these witnesses. According to Nabanco, the decision to put these witnesses on "live" was a tactical decision and VISA should not be able to tax the costs resulting from that decision. VISA argues that it brought in witnesses who were illustrative and had been in the VISA's bankcard system for years. VISA also points out that Nabanco chose to bring in witnesses from across the country. In response Nabanco points out that VISA could have gotten local merchants and local bankers to testify as to the importance of the issuer's reimbursement fee.

Since most of VISA's witnesses travelled in other than tourist class, VISA has not set out the actual travel expense in its motion to tax costs but what it represents to be the cheapest round-trip tourist class available at the time of the travel. Nabanco has objected to the documentation of the costs and to whether the cost figures submitted by VISA represent the "most economical rate reasonably available" pursuant to 28 U.S.C. Sec. 1821(c)(1). The Court will award the costs set forth in the applicable portion of Michael Sheppard's affidavit of November 8, 1984.

### Fees of the Clerk and Marshal

The Defendant seeks to tax as costs $286.54 in fees of the clerk and marshal. Such fees are taxable pursuant to 28 U.S.C. § 1920(1). Therefore, the Court awards such fees as costs.

### Docket Fees

28 U.S.C. § 1920(5) provides for the taxation of docket fees under 28 U.S.C. § 1923. Section 1923 allows for a $20 attorney's

docket fee and $2.50 for each deposition admitted in evidence. The Defendant seeks to recover the docket fee and for twenty-four depositions admitted into evidence. The Court awards such expenses as costs.

The list is as follows:

| | |
|---|---|
| Fees of Clerk and marshal | $286.54 |
| Attorneys docket fees, etc, | $80.00 |
| Court Reporter Fees | |
| (A) depositions | 38,732.59 |
| (B) trial record (use of record on appeal) | 17,400.00 |
| Witness fees | 1,050.00 |
| (A) transportation | 9,510.00 |
| (B) per diem allowances | 2,730.00 |
| Expert Witness fees have been denied (except statutory amounts included above) | |
| Trial foundational and deposition exhibits | 4,781.59 |
| Document production, etc., | 5,966.20 |
| Copies (2) of deposition, pre-trial and trial | 3,092.50 |
| Fees for deposition attendance | 1,440.00 |
| TOTAL COSTS TAXED: | 85,069.42 |