**Kathy WALKER, As Guardian Ad Litem and Natural Mother of Philpatrick Walker, Plaintiffs,**

v.

**BORDEN, INC., Defendant.**

**Civ. A. No. S84–0993(NG).**

United States District Court, S.D. Mississippi, S.D.

Oct. 6, 1986.

Paul S. Minor, Judy M. Guice, Biloxi, Miss., for plaintiffs.

William L. McDonough, Jr., Gulfport, Miss., for defendant.

## ORDER

GEX, District Judge.

This matter is before the Court on Defendant Borden, Inc.'s Motion for Review of Taxation of costs. A Judgment in favor of the Plaintiff was entered by the Court on May 1, 1986. The portions of the Bill of Costs objected to by the Defendant concern certain expenses claimed as (1) fees for witnesses, (2) fees for exemplification and copies of papers necessarily obtained for use in the case, (3) costs incident to taking of depositions and (4) other costs.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs...." The categories of allowable costs are set out in 28 U.S.C. Section 1920. Statutory witness fees are set forth in 28 U.S.C. Section 1821.

■ Turning first to the witness fees claimed by the Plaintiff for Percy Miller, who testified as an expert witness for the Plaintiff, the Court determines that only two days' attendance costs in the amount of $60.00 and one day's subsistence costs in the amount of $50.00, plus mileage costs as discussed below, are properly taxable for this witness. In *International Woodworkers v. Champion International Corp.*, 790 F.2d 1174 (5th Cir.1986), the Court held that the fees of non-court-appointed expert witnesses are taxable only in the amount specified by Section 1821, except that fees in excess of that amount may be taxed when expressly authorized by Congress, or when one of the narrow equitable exceptions to the American Rule applies. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Finding that none of these exceptions apply under the facts and posture of this case, this Court is of the opinion that Plaintiff should not be allowed to recover Dr. Miller's expert witness fees as costs. As for Dr. Miller's mileage costs, the Court determines that the $112.31 total costs presently claimed should be adjusted to reflect the proper taxable amount of $115.50, a sum arrived at by employing the $.25 per mile allowance authorized by 28 U.S.C. Section 1821(c)(2) plus Dr. Miller's common carrier expenses authorized by 28 U.S.C. Section 1821(c)(1). Accordingly, consistent with the above findings, the Court determines that the total taxable costs for Dr. Miller should be adjusted from the amount of $1,442.31 presently appearing on the Bill of Costs to the proper sum of $225.50.

Defendant likewise objects to the $1,054.10 cost claimed as a taxable witness fee for Dr. Joseph Tramontana, who also testified as an expert witness for the Plaintiff. Under the authority of *International Woodworkers, supra*, this Court finds that Plaintiff should not be allowed to recover Dr. Tramontana's expert witness fees as costs and should instead be confined to the recovery of a $30.00 attendance fee and $5.00 mileage cost for this witness.

■ The Court now addresses the amount of $66.25 claimed by Plaintiff as fees for exemplification and copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. Section 1920(4). Rather than substantiating the claimed amount with supporting documentation, Plaintiff instead asserts in conclusory fashion that "... this Court can certainly take judicial notice of the fact that a case of this magnitude will generate over 250 pages of paper which must be copied at some point." The Court declines to equate undocumented reproduction expenses apparently incurred incidental to Plaintiff's prosecution of her case with the "necessarily obtained" requirement contained in the statute. Accordingly, the sum of $66.25 appearing on the Bill of Costs as fees for exemplification and copies of papers necessarily obtained for use in the case should be disallowed.

■ The Court next addresses the item entitled "costs incident to taking of depositions", and notes that the invoices attached to the Bill of Costs in support of this item total $1,328.06 rather than $1,313.06. Defendant submits that the expense of $325.00 incurred in connection with videotaping the manufacturing process at Defendant's facility should be stricken since it was composed solely to establish the gross negligence of Defendant, an issue upon which the Defendant prevailed. It is settled that costs for demonstrative evidence such as audiovisual equipment and photographs may be taxed as costs only if there is pretrial authorization by the trial court. *J.T. Gibbons v. Crawford Fitting Co.*, 760 F.2d 613 (5th Cir.1985), reinstated, 790 F.2d 1193 (5th Cir.1985). Here, the Plaintiff clearly had pretrial authorization to conduct the videotaping by virtue of the Court's Orders filed October 15, 1985, and October 21, 1985, and the parties' stipulation as to Defendant's liability does not appear of record at the time the videotaping was conducted. In light of these circumstances, the Court determines that the $325.00 expense should be allowed to stand. Further, the Court determines that the $85.86 expense sought

by Plaintiff under "other costs" for a photograph introduced at trial should also be allowed to stand. Pretrial authorization for this expense exists by virtue of it being listed in the Pretrial Order as an exhibit to be offered by Plaintiff at trial.

 The Court next addresses whether the $41.25 expense claimed by Plaintiff for copies of depositions and the $327.55 expense claimed by Plaintiff for the deposition of Edward Hoover are properly taxable. 28 U.S.C. Section 1920(2) permits taxation of costs for the fees of a court reporter who prepares any "stenographic transcript necessarily obtained for use in the case"; whether a particular deposition or transcription was "necessarily obtained" is a factual determination. The Court is of the opinion that the expense associated with Mr. Hoover's deposition should be disallowed as his deposition was not used at trial and appears to have been taken solely for investigative or discovery purposes. *Worley v. Massey-Ferguson, Inc.*, 79 F.R.D. 534 (N.D.Miss.1978). As for the sum listed as costs for copies of depositions, the Court is not aware of any authority which holds that such an expense may be taxed, especially when the cost of the original of a deposition is not properly taxable. *Felts v. National Account Systems Assn., Inc.*, 83 F.R.D. 112 (N.D.Miss.1979). Accordingly, the amount of $41.25 claimed by Plaintiff for copies of depositions should be disallowed.

 The Court finally turns its attention to the amount of $634.26 claimed by Plaintiff for travel expenses incurred by Plaintiff's counsel in connection with travel to Berwick, Pennsylvania to videotape Defendant's manufacturing process. The Plaintiff in this case has tendered no evidence which would warrant an exception to the general rule that attorneys' fees and travel expenses incurred in connection with deposition taking (or, in this instance, videotaping) are not usually taxable as costs, and so the Court determines that this sum should also be disallowed. *J.T. Gibbons, supra,* at 616.

Consistent with the above findings the Court determines that a total of $758.86 was properly taxed as costs to be assessed against the Defendant in this cause. It is therefore,

ORDERED that the "fees for witnesses" portion of the Bill of Costs shall be adjusted by the Clerk of Court to reflect a sum of $255.50. It is further,

ORDERED that the "fees for exemplification and copies of papers necessarily obtained for use in case" portion of the Bill of Costs shall be adjusted by the Clerk of Court to reflect a sum of $0.00. It is further,

ORDERED that the "costs incident to taking of depositions" portion of the Bill of Costs shall be adjusted by the Clerk of Court to reflect a sum of $325.00. It is further,

ORDERED that the line which reflects the "TOTAL" sum of the Bill of Costs shall be adjusted by the Clerk of Court to reflect a sum of $758.86.