**In the Matter of GEORGE HUNT, INC., d/b/a G.A.H. Millwork; Hunt Enterprises, Debtor.**

**Bankruptcy No. 82–1969.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 19, 1987.

See also, Bkrtcy., 65 B.R. 627.

Ronald R. Schwartz, Tampa, Fla., for Edward Genevish.

C. Kathryn Preston, Stichter & Reidel, P.A., Tampa, Fla., for George Hunt, Inc.

## AMENDED ORDER ON MOTION
## TO TAX COSTS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case, and the matter under consideration is a Motion to Tax Costs filed by Edward Genevish (Genevish). The Motion is filed in a contested matter which involved a challenge of the claim filed in this Chapter 11 case by Genevish, in which this Court ruled that Genevish has an allowable claim against George Hunt, Inc. (Debtor), the Debtor, albeit, not in the amount which was originally filed. The matter was fully tried, and at the conclusion this Court entered a final judgment in favor of Genevish and against the Debtor. The Motion under consideration seeks to tax costs in favor of Genevish in the following amounts: $350.00, representing the witness fee paid to Dr. Schulak; the cost of the deposition of Dr. Schulak, including the court appointed attendance fee, in the amount of $108.00; the charge of the court reporter for the deposition of the claimant, Genevish, in the amount of $45.16; and the costs of James A. Watson & Associates, an expert who testified, in the amount of $425.00. The Debtor vigorously opposes the imposition of the costs, but especially challenges Genevish's right to a cost reimbursement for the witness fee of Dr. Schulak, the charge of the court reporter for the deposition of Genevish, and the witness fee of James A. Watson & Associates.

The Court heard argument of counsel and considered the record and is of the opinion that while Genevish is entitled to the taxation of costs for the cost of the deposition of Dr. Schulak in the amount of $108.00, he is not entitled to any taxation of costs sought for the witness fee of Dr. Schulak, nor the cost of the deposition of Genevish, and is only entitled to a reduced amount for the cost of the expert who testified, James A. Watson & Associates, for the following reasons:

In the Federal Judicial System fees of witnesses which may be taxed as costs are governed by 28 U.S.C. § 1920 ¶ 3, and 28 U.S.C. § 1821. The fees allowable to witnesses under these statutes are limited to the statutory per diem, mileage, and subsistence allowance where appropriate. There is no distinction made between lay and expert witnesses in the statutes. *See Henkel v. Chicago, St. Paul, M. & O.R. Co.*, 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932); *Jones v. Diamond*, 594 F.2d 997 (5th Cir.1979); *Kaiser Industries Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5 (E.D. Mich.1970); *6 Moore's Federal Practice ¶ 54.77[5] (2d ed. 1976)*. In *Henkel* the Supreme Court stated that the federal district court is without power to allow expert witness fees as a part of the taxable costs, even if under the state court practice such allowance is discretionary and permissible. The Supreme Court concluded that since Congress has made specific provisions as to the amounts properly taxable as witness fees without making any exception concerning the fees of expert witnesses, the allowance which could be made to an expert and is to be taxed is limited to the expert witness fees provided by the statute itself.

This Court is not oblivious to the fact that since 1970 as a result of the mounting volume of civil rights litigations which are largely dependent upon expert testimony, a number of decisions of lower courts allowed charges of experts to be taxed as costs. The precise legal basis for such an allowance is unclear, and courts at times attempted to justify the allowance on the basis that the same is part of the cost of litigation, or in the alternative, on the basis that since the specific statute permitted an award of attorney fees in civil rights cases, such an allowance was permissible as part of the award of the attorney fees based on the Civil Rights Attorney Fees Award Act of 1976, 42 U.S.C. § 1988. These decisions disregarded 28 U.S.C. § 1821 and § 1920, and the holding of *Henkel*, and justified a taxation of the fees of an expert on the basis that it is part and parcel of the allowance made pursuant to the "language of the statute", which permitted a reasonable attorney fee. *Ramos v. Lamm*, (10th Cir.1983) 713 F.2d 546, 559; *Jones v. Diamond*, (CA 5th 1981) 636 F.2d 1364 (en banc); *Wade v. Mississippi Coop. Extension Service*, (ND Miss.1974) 64

F.R.D. 102; *Cf.; Greenhaw v. Lubbock County Beverage Ass'n,* (5th Cir.1983) 721 F.2d 1019. It appears from these cases that in the allowance of costs such as fees to experts, the courts have been generally guided by the same policy principles which apply to the award of attorney fees. For instance, the Fifth Circuit Court in the case of *Christiansburg Garment Co. v. EEOC,* (1978) 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648, held that in the absence of showing, the plaintiff's case falls within the standard enunciated by that case, the Court is powerless to tax the fees of expert witnesses as a cost in favor of the prevailing defendants in civil rights cases. *Christiansburg Garment* involved the question of taxing as costs compensation for expert witnesses, and the court held that unless there is a finding by the court that the suit by the plaintiff was utterly meritless, it is improper to tax costs against the plaintiff and in favor of the defendant in a suit based on the Civil Rights Act of 1984.

Notwithstanding the post-*Henkel, supra,* decisions, which under certain circumstances justified taxation of fees of an expert, this Court is satisfied that the rule in this Circuit is not in accord with those decisions enunciated. In *Kivi v. Nationwide Mutual Insurance Co.,* 695 F.2d 1285 (11th Cir. 1983), the Court of Appeals in this Circuit considering the same question stated that "We need not labor long concerning this issue because it is well settled that expert witness fees cannot be assessed in excess of witness fees provided in § 1821." Accordingly, the claimant's request for expert witness fees was limited to the statutory per diem allowance. *See also, J.T. Gibbons v. Crawford Fitting Co.,* 760 F.2d 613 (5th Cir.1985); *Baum v. United States,* 432 F.2d 85 (5th Cir.1970).

F.R.C.P. § 54(d) provides that "except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs ..." Construing this rule in the case of *Farmer v. Arabian American Oil Co.,* (1964) 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248, the Supreme Court speaking through Justice Black said

... We do not read [Rule 54(d) ] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case.... the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.

Based on the foregoing, this Court is satisfied that notwithstanding the prevailing state court practice urged by counsel to be adopted by this Court, this Court is constrained to follow the Statute and the teaching of *Henkel* and *Farmer v. Arabian American Oil Co., supra,* and is satisfied that neither the expert witness fee of Dr. Schulak or James A. Watson & Associates will be properly taxable as costs.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Tax Costs be, and the same is hereby, granted in part and denied in part, and a cost judgment shall be entered in favor of Genevish for the amount of $153.16. It is further

ORDERED, ADJUDGED AND DECREED that the balance of the request be, and the same is hereby, denied.