**Donald and Ella Mae CARD, Plaintiffs,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant.**

Civ. A. No. DC 86–52–D–O.

United States District Court,
N.D. Mississippi,
Delta Division.

July 18, 1989.

See also, D.C., 126 F.R.D. 654.

Stephen L. Henning, Batesville, Miss., Donald Franks, Booneville, Miss., for plaintiffs.

Guy T. Gillespie, III, Oxford, Miss., for defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause is before the court on the plaintiffs' motion for review of taxation of costs. Defendant has requested $19,201.16 in costs in the litigation. Plaintiffs oppose the assessment of costs and vigorously object that the request is excessive. After a review of the bill of costs, the plaintiffs' motion to review costs, the defendant's response, the plaintiffs' rebuttal, and the record as a whole, the court is of the opin-

ion that the request was excessive and will disallow part of the bill of costs.

Defendant State Farm Fire and Casualty Company ("State Farm") was successful at trial and was awarded costs pursuant to Rule 54(d) which states that "costs shall be allowed as of course to the prevailing party unless the Court otherwise directs." The costs which are allowed are expressly set out in 28 U.S.C. § 1920. State Farm submitted a bill of costs for $19,201.16 on June 12, 1989 and the clerk taxed these costs on June 16, 1989. Plaintiffs Donald and Ella Mae Card ("Cards") promptly filed a motion to review and disallow taxation of costs. The court must now determine the costs which should be assessed against the plaintiffs pursuant to Section 1920.

State Farm has requested costs as follows: fees of the clerk ($60); transcript costs ($10,835.38); witness fees ($2,910.11); copy charges ($943.75); deposition costs ($2,875.25); service of subpoenas ($208.44); expenses of an expert witness and videotape ($624.23); and the cost of demonstrative aids ($744). The Cards claim that the costs should be wholly disallowed or reduced to the costs properly taxable under the law. The Cards specifically challenge the costs requested as follows: the fee required by the defendant's removal to federal court, the daily transcript of the trial, witness fees and travel expenses, copying charges, and the miscellaneous costs involved.

The trial court has discretion to award costs to a prevailing party. *Nissho–Iwai Co., Ltd. v. Occidental Crude Sales,* 729 F.2d 1530, 1551 (5th Cir.1984). 28 U.S.C. § 1920 provides that the court may tax costs as follows: fees of the clerk and marshal, fees of the court reporter for the transcript necessarily obtained for use in the case, fees for printing and witnesses, and fees for copies of papers necessarily obtained for use in the case. "[W]hile an award of costs to a prevailing party is usual, the inclusion of various items within that award is within the discretion of the trial judge." *Hodge v. Seiler,* 558 F.2d 284, 287 (5th Cir.1977) (quoted in *Brumley Estate v. Iowa Beef Processors, Inc.,* 704

F.2d 1362, 1363 (5th Cir.1983)). The court will now determine the appropriate amount which should be awarded as costs.

A filing fee is a "fee of the clerk" which is typically allowed as part of costs under Section 1920. Plaintiffs argue that it should not be required to pay two filing fees, one in state court and one in federal court. Regardless, the defendant was required to pay this cost when it removed this action to federal court. The plaintiffs' argument is unpersuasive. Court fees are allowed as costs whether they are fees which are paid when the action was initially filed or when the action was removed. *See Raio v. American Airlines, Inc.,* 102 F.R.D. 608, 611 (E.D.Penn.1984); *Department of Highways v. McWilliams Dredging Co.,* 10 F.R.D. 107, 108 (W.D.La.1950), *aff'd,* 187 F.2d 61 (5th Cir.1951). The court is of the opinion that the filing fee for removal of the action should be taxed as a cost.

The cost of a daily trial transcript is taxable only if it was necessary for use in the case. *J.T. Gibbons v. Crawford Fitting Co.,* 760 F.2d 613, 615–16 (5th Cir. 1985), *aff'd,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The court does not find that the daily transcripts were in any way necessary, but instead finds that they were merely for the convenience of defense counsel. *See Brumley,* 704 F.2d at 1363–64; *McDowell v. Safeway Stores, Inc.,* 758 F.2d 1293, 1294 (5th Cir.1985); *Smith v. Board of School Comr's,* 119 F.R.D. 440, 444 (S.D.Ala.1988). The cost of the daily transcripts was not necessary to the conduct of the trial in this case. A daily transcript is a luxury few can afford. The court recognizes that a trial transcript may be necessary in some cases, but this is not such a case. *See J.T. Gibbons,* 760 F.2d at 616. The court is of the opinion that the cost of the daily trial transcript should be disallowed.

Witness fees are generally taxed as costs. "Although courts do not ordinarily allow fees for witnesses who have not testified at trial, a court may award such a fee if the witness was ready to testify but

extrinsic circumstances rendered his testimony unnecessary." *Nissho–Iwai,* 729 F.2d at 1553. Plaintiffs strongly object to costs for Harvey McClain, defendant's claims adjuster from North Carolina, because he did not appear at trial to testify. Plaintiffs claim that they were required to read a deposition into the record because this witness was not made available to them at trial. The court has previously disallowed costs for witnesses who did not attend the trial. *Jackson v. Color Tile, Inc.,* 638 F.Supp. 62, 66 (N.D.Miss.1986), *aff'd,* 803 F.2d 201 (5th Cir.1986). The other witnesses who failed to testify were apparently available to testify at trial. E.B. Smith was precluded from testifying by the court and H & R Block's testimony became unnecessary. The court is of the opinion that the witness costs should be allowed for all witnesses except Harvey McClain.

■■■■ Attendance fees, statutory per diem, subsistence, and travel expenses are taxed as costs for both fact and expert witnesses pursuant to 28 U.S.C. § 1821. *J.T. Gibbons,* 760 F.2d at 617. Costs for expert witnesses are limited to the costs which would be allowed other witnesses under Sections 1920 and 1821. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 443–45, 107 S.Ct. 2494, 2498–99, 96 L.Ed.2d 385, 391–93 (1987). Plaintiffs also challenge the travel expenses requested. The Fifth Circuit has stated that the district court should use its usual sound discretion in determining travel costs and consider the length of the journey, the necessity of the testimony, and the possibility of averting the expense. *West Wind Africa Line v. Corpus Christi Marine,* 834 F.2d 1232, 1237 (5th Cir.1988). Travel expenses for witnesses are allowed for journeys of more than 100 miles where there are spe-

cial circumstances justifying the presence of the witness at trial. *Nissho–Iwai,* 729 F.2d at 1551–52. The 100–mile limitation on travel expenses is losing support and the witnesses who traveled the greater distances were few and necessary. *See West Wind,* 834 F.2d at 1237. The witness costs provided by statute will be allowed for both expert and fact witnesses, except for Harvey McClain.[1]

■■■ Photocopying expenses incurred are taxed as costs if they are necessarily obtained for use in the case. 28 U.S.C. § 1920(4). These allowable costs would include the costs of copying pleadings, exhibits, documents, and all necessary papers. *Nissho–Iwai,* 729 F.2d at 1553; *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir.1976); *Loewen v. Turnipseed,* 505 F.Supp. 512, 519 (N.D.Miss.1980); *Christian v. Tackett,* 86 F.R.D. 220, 222 (N.D. Miss.1979). The court is of the opinion that the full amount of these charges should be allowed as costs.[2]

■■■■ Deposition costs may be taxed even if the deposition is not introduced at trial. The Fifth Circuit has held that the trial court has great discretion to tax the cost of a deposition if it finds that "all or any part of the deposition was 'necessarily obtained for use in the case.'" *Nissho–Iwai,* 729 F.2d at 1553 (quoting *Carpa, Inc. v. Ward Foods,* 567 F.2d 1316, 1332 (5th Cir.1978)). The court must determine whether particular depositions which were not used at trial were "necessarily obtained" and therefore taxable. The costs of a deposition are allowed "if the taking of the deposition is shown to have been reasonably necessary in the light of the facts known to counsel at the time it was taken." *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982). Costs are not allowed for depositions which are

---

1. The witness fees for Lloyd Ayles, E.B. Smith, H & R Block, Kirby Elliott, Ronnie Sellers, James Vickers, Donald Zwick, and Michael Byron total $1,874.58. The court will include $78.15 along with this amount for the necessary expenses required to make James Vickers available to the plaintiffs for questioning on the eve of trial. The attendance fee is $30.00. Mileage expense for 214 miles at 22.5 cents totals $48.15. The court will only award the attendance fee

and mileage allowed by statute, not unnecessary lodging or expert fees. Witness fees total $1,952.73.

2. The court will include in this category both copy charges ($943.75) and the expense of the enlarged trial exhibits ($647.38). The copy charges total $1,591.13.

solely for investigation or discovery purposes. *Walker v. Borden, Inc.*, 115 F.R.D. 471, 474 (S.D.Miss.1986). The court does not find that the depositions of attorneys Robert Faulks, Guy Gillespie, and Stephen Henning were "necessarily obtained" and will disallow these costs. The depositions of the Cards were certainly necessary for purposes of trial preparation, impeachment, and to structure questioning. *Nissho–Iwai,* 729 F.2d at 1553; *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir.1982); *Morrison v. Alleluia Cushion Co., Inc.*, 73 F.R.D. 70, 72 (N.D.Miss.1976). The deposition costs at issue will be allowed except for the depositions of the attorneys in this action.[3]

 Other costs were requested by the defendant, including subpoena fees and the cost of various demonstrative aids. The expense of serving subpoenas upon witnesses is a recoverable cost. *See Copper Liquor,* 684 F.2d at 1099. The enlarged trial exhibits were utilized by both parties at trial and were admitted into evidence. They were large copies of important documents. These expenses will be taxed as costs under the previous copy charge category. *Nissho–Iwai,* 729 F.2d at 1553. The cost of transparencies used in closing arguments will not be allowed. *Jamison v. Cooper,* 111 F.R.D. 350, 353 (N.D.Ga.1986). The cost of the videotape and duplicates of slides and videotapes will not be allowed because these costs were not approved and were not necessarily obtained for trial. Costs for demonstrative aids are not usually allowed. *See J.T. Gibbons,* 760 F.2d at 615.[4]

The defendants will be allowed costs in this action pursuant to 28 U.S.C. § 1920 but the bill of costs submitted was grossly excessive in amount. The court will disallow the cost request for the daily trial transcript and part of the request for witness fees, depositions, and demonstrative aids. The court will tax costs for the filing fee, witness fees, copy charges, deposition costs, and subpoena costs. These allowed costs are as follows:

| | |
|---|---:|
| Fees of the clerk | $ 60.00 |
| Witness fees | 1,952.73 |
| Copy charges | 1,591.13 |
| Deposition costs | 2,472.85 |
| Subpoena expenses | 208.44 |
| | $6,285.15 |

An order in accordance with this opinion will be issued.

---

3. The deposition costs of Donald and Ella Mae Card, Harvey McClain, Terry Blalock, Larkin Demonville, Doyle Rotenberry, and Federal Land Bank came to a total of $2,472.85.

4. The expenses requested for the expert witness James Vickers, who was made available to the plaintiffs on the eve of trial pursuant to an order of the court, will be allowed to the extent they are available as a customary witness fee. *See* Footnote 1, *supra.*